IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Harvie Payne, #2098 ) | |
| ) | Civil Action No. 6:11-2666-DCN-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Chief Jailer Lucas, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the respondent's motion for summary judgment (doc. 33). The petitioner, a pretrial detainee proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. The respondent is Chief Jailer at the Charleston County Detention Center ("CCDC")

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

The respondent filed a motion for summary judgment on May 8, 2012. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. On June 15, 2012, the petitioner filed a response in opposition to the motion. The respondent filed a reply on June 22, 2012, and the petitioner filed a sur-reply on July 9, 2012.

## BACKGROUND

The petitioner is presently a pretrial detainee at the CCDC in North Charleston, South Carolina. The petitioner is being held pursuant to a series of charges arising from incidents that occurred in Mount Pleasant on or about May 29, 2011. On that date, the petitioner was arrested by the Mount Pleasant Police Department for assault and

battery first degree, warrant M-611619, victim Scott Anderson; assault and battery first degree, warrant M-611620, victim Graham Stone; assault and battery first degree, warrant M-611621, victim N.A. (juvenile); and indecent exposure, warrant M-611622, victim Graham Stone (resp. m.s.j., ex. A-D). The petitioner was also issued three tickets for disorderly conduct, ticket no. 31332, bond amount $272; public intoxication, ticket no. 31333, bond amount $480; and discharging a firearm, ticket no. 31334, bond amount $480 (the "municipal court charges") (*id.*, ex. F-H).

The petitioner was initially assigned Rodney Davis of the Charleston County Public Defender's Office to represent him on the General Sessions charges. Counsel for respondent states that he has been informed that Attorney Davis left the Public Defender's office in late 2011, and the petitioner's case was transferred to Public Defender Andrew Grimes.

On July 14, 2011, a preliminary hearing was heard before Judge James B. Gosnell on one of the petitioner's assault and battery charges (warrant M-611619). The matter was bound over. On July 15, 2011, Judge Gosnell considered a motion to reconsider or modify the bond and granted the motion to reconsider consolidating the bond of the four warrants (M 611619-M611622) and setting a $300,000 surety, with additional conditions of active satellite monitoring, no contact with victims, and not allowed within four miles of victims' homes by land, sea or air (resp. m.s.j., ex. I).

The petitioner was indicted by the Grand Jury of Charleston County on September 13, 2011: 2011- GS-10-5331, assault and battery of a high and aggravated nature, victim N.A. (juvenile), direct indictment; 2011-GS-10-5232, warrant M611622, indecent exposure, victim Graham Stone; 2011-GS-10-5334, assault and battery of a high and aggravated nature, victim Scott Anderson, direct indictment; and 2011-GS-10-5333 assault and battery of a high and aggravated nature, victim Graham Stone, direct indictment (resp. m.s.j., ex. J-M).

On October 19, 2011, Rodney Davis of the Public Defender's Office filed a motion to reduce bond on the petitioner's behalf in General Sessions court (resp. m.s.j., ex.

2

U). On October 28, 2011, the Honorable Thomas Hughston issued a bond order in General Sessions court, setting a $300,000 surety appearance bond. He set as an additional condition "that if he can make the $300,000 bond to schedule a hearing for any additional terms, prior to release" (resp. m.s.j., ex. N). The petitioner appealed Judge Hughston's order, and that appeal was dismissed by a Supreme Court Order dated December 1, 2011. (*id.*, ex. V). On December 9, 2011, a motion to reduce bond was denied by Judge Hughston (*id.*, ex. O). The respondent has no record of any appeal of this order (*id.* at 16).

The petitioner made a *pro se* motion for a speedy trial on his municipal court charges, which was denied by the Mount Pleasant Municipal Court. The petitioner appealed to the Charleston County Circuit Court on September 7, 2011. On December 16, 2011, Circuit Judge D.L. Jefferson denied the appeal, finding as follows in pertinent part:

> Rodney Davis, Esq., Applicant's counsel in General Sessions court, was present and advised the Court that he spoke with his client, and his client is going forward on this appeal against his advice. He advised the Court that Applicant's charges in Municipal Court, if adversely decided, would act as an enhancement to his General Sessions charges, and it would be contrary to his best interest to resolve the Municipal Court charges prior to resolving the General Sessions charges. Further, the Town of Mount Pleasant advised the Court and the Applicant it is holding the Municipal Court charges in abeyance, as it does not want there to be a negative effect on Applicant's General Sessions charges. Knowing this, the Applicant advised the Court he wished to go forward with the appeal.
>
> The Court, having found adequate evidentiary support in the record, no error of law, and finding no abuse of discretion, AFFIRMS the decision of the lower court.

(Resp. m.s.j., ex. Q). The petitioner sent a notice of appeal of this order to the South Carolina Court of Appeals dated January 15, 2012, and a second notice of appeal dated January 29, 2012 (*id.*, ex. R-S). According to the respondent, this appeal is still pending with the South Carolina Court of Appeals.

On February 8, 2012, the petitioner's counsel Andrew D. Grimes of the Public Defender's Office made a motion to reduce bond concerning warrants M611619 through

3

611622 (resp. m.s.j., ex. P). The petitioner remains in custody in the Sheriff Al Cannon Detention Center.

The petitioner makes the following claims in his § 2241 petition:

I. Denial of Speedy Trial in Mt. Pleasant Municipal Court.
Supporting Facts: Arrested May 29, 2011 and scheduled for trial June 9, 2011, but on June 6, 2011, Municipal Court Judge enters verbal order that municipal court would not prosecute the municipal charges until after the general sessions charges were disposed of.

II. Denial of Speedy Trial in General Sessions Court.
Supporting Facts: Petitioner has filed numerous motions (about 40) for speedy trial, discovery, election of charges to prosecute, dismissal of charges, bond reduction sanctions for delay, motions to compel, etc.

III. Denial of 10 day preliminary hearing, denial of 90 day grand jury indictment, denial of right to appear at preliminary hearing.
Supporting Facts: Petitioner asserts he filed numerous motions for a 10 day preliminary hearing, to be present at preliminary hearing, for a 90 day grand jury indictment.

IV. Excessive Bail, Cruel and Unusual Punishment.
Supporting Facts: Petitioner is held under $300,000 bond. Petitioner is dying of prostate cancer, State refuses to allow treatment.

(Pet. 7-8).

The petitioner asks for the following relief: (1) release on personal recognizance without surety pending trial; (2) release on personal recognizance without surety to VA Medical Center pending trial per South Carolina Code § 17-15-10(b); or (3) dismissal of all charges (pet. 8-9).

4

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

5

As noted above, the petitioner, a pretrial detainee, asks this court to order the state court to release him on a personal recognizance bond pending trial or to dismiss the pending charges. Federal habeas corpus relief for a state prisoner is ordinarily only available post-conviction. Pretrial petitions for habeas corpus relief, however, are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir.1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Generally, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir.1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In his first and second grounds for relief, the petitioner alleges he is being denied the right to a speedy trial with regard to his municipal court and General Sessions charges. Applying this test to the facts as pled in the petition, the petitioner alleges that he is currently awaiting trial in ongoing state criminal proceedings with regard to the municipal court and General Sessions charges. Thus, the first prong of the abstention test is satisfied.

6

The second criterion has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Accordingly, the second prong is also satisfied.

In addressing the third criterion, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 226; *see Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 489–90 (1973)[1]. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist that would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir.1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id*. Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id*. In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on appeal. *Id*.; *see also Brazell v. Boyd*, No. 92–7029, 1993 WL 98778, at *2 (4th Cir. Feb.10, 1993) (finding district court should abstain from considering a speedy trial claim pursuant to *Younger*, even if the case

---

[1]In *Braden*, a state prisoner filed a § 2241 habeas petition in federal court to force the state to bring him to trial on an indictment filed three years earlier. 410 U.S. at 485. The Supreme Court concluded that the petitioner could raise his speedy trial claim on a petition for habeas corpus before standing trial on the state court indictment. *Id*. at 488–89. *Braden* is distinguishable from the present case in two crucial respects. First, the petitioner in *Braden* was seeking to compel a trial, not to be released and avoid trial altogether, as the petitioner does here according to his relief requested. Second, the petitioner in *Braden* had exhausted his state court remedies before seeking § 2241 relief, which the petitioner has not done as shown with respect to the December 16, 2011, order from Judge Jefferson concerning the request for trial on the pending municipal court matters. Both circumstances must be present to justify a federal court's interference with a state's criminal proceedings based on an alleged speedy trial violation. *See, e.g., Moore v. DeYoung*, 515 F.2d 437, 444–47 (3d Cir.1975).

7

were properly exhausted). As the petitioner can pursue his claims in state court both during and after trial, he has failed to demonstrate "special circumstances" or show that he has no adequate remedy at law and will suffer irreparable injury if denied the relief he seeks.

The petitioner also appears to argue that the fact he suffers from prostate cancer constitutes "special circumstances." This court disagrees. As will be discussed below with regard to the petitioner's fourth ground for relief, the petitioner has alleged in at least two cases before this court filed pursuant to Title 42, United States Code, Section 1983, that he has been denied appropriate medical care for prostate cancer. The defendants have produced evidence that the plaintiff has had no less than 48 actual clinical visits with the medical staff at the CCDC. The petitioner refused conventional treatment for prostrate cancer because it has never been shown to prolong life (resp. m.s.j., ex. W, Dawn Frazier aff. ¶¶ 7-13; pl. sur-reply 2). Instead, the petitioner requested a special diet consisting of ten pounds of carrots a day, as well as cabbage, oranges, and D3 vitamins (Frazier aff. ¶ 14). The medical staff explained to the petitioner that the CCDC and the Carolina Center for Occupation Health ("CCOH"), which is the medical services provider at the CCDC, could provide him with conventional care, but were unable to accommodate his diet requests (*id.* ¶ 15). The petitioner was referred to the Medical University of South Carolina ("MUSC") and was accepted on May 9, 2012. He was transported for appointments at MUSC on June 5 and 18, 2012 (resp. reply, ex. A, Willis Beatty aff. ¶¶ 13-16). The petitioner has failed to show that "special circumstances" justify the provision of federal review.

Based upon the foregoing, the federal court should abstain from consideration of the first two grounds for relief, and those claims should be dismissed.

In his third ground for relief, the petitioner essentially contends that South Carolina Rules of Criminal Procedure 2, concerning preliminary hearings, and 3, concerning disposition of arrest warrants, were violated. A question of substantive South Carolina law is not proper for habeas corpus consideration. State courts "are the ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). Federal habeas is

unavailable to retry state issues. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1989). *See Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review"). Accordingly, this ground for relief is without merit.

In his final ground for relief, the petitioner alleges excessive bail and cruel and unusual punishment based upon the fact that he is under a $300,000 bond. The petitioner was initially subject to an aggregate bond of $350,000, which was reduced to $300,000. He has presented through counsel motions to reduce bond. The Eighth Amendment protection against excessive bail may only be vindicated prior to trial; therefore, such a claim may warrant review in a pretrial habeas petition. *Atkins v. Michigan,* 644 F.2d 543, 549 (6th Cir.1981); *see also Stack v. Boyle,* 342 U.S. 1 (1951).

In light of the circumstances of the crimes, the respondent argues that the bail is not excessive. This court agrees. The facts set out in the arrest warrants reveal that on May 29, 2011, the police responded to an area where the petitioner was alleged to be intoxicated and nude in the marsh. It was alleged that petitioner had a .20 gauge shotgun in his possession and that he pointed the shotgun and discharged it in the direction of victims Scott Anderson, his son, and Graham Stone, whose homes backed up to the marsh. It was further alleged that the petitioner exposed his genitals to Graham Stone. The victims feared for their safety, and it was alleged that the petitioner attempted to injure them (resp. m.s.j., ex. A-D).

The petitioner also alleges in this ground for relief that he is being denied treatment for prostate cancer. On January 23, 2012, the petitioner filed a complaint pursuant to Title 42, United States Code, Section 1983, making the same allegation. *See Payne v. Jacobs, CCOH, and Charleston County*, Civil Action No. 6:12-186-DCN-KFM. Motions to dismiss and for summary judgment are currently pending. The disposition of that case will be conclusive of whether the defendants were deliberately indifferent to his

9

serious medical needs. Further, in his response in opposition to the motion for summary judgment in this case, the petitioner alleges that "therapeutic diet treatment" is "the only proven effective medical treatment that Respondents can provide cancer patients . . . " (pet. resp. m.s.j. at 3). The petitioner's claims regarding a therapeutic cancer diet have been addressed by this court repeatedly in the petitioner's myriad other lawsuits and motions. *See Payne v. Fennell, et al*, Civil Action No: 6:11-cv-02011-DCN-KFM (motions for preliminary injunction for vegan diet, cancer diet, and to comply with detention center diet manual denied; summary judgment granted to defendants on all claims, including allegation that the defendants violated his constitutional rights by denying his request for highly specific vegan diet). Based upon the foregoing, the petitioner's fourth ground for relief is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 33) be granted. Should the district court adopt this recommendation, any pending nondispositive motions will be rendered moot.

s/ Kevin F. McDonald
United States Magistrate Judge

September 24, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.